Patrick J. Geile
Foley Freeman PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WILLIAM ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| GREEN SQUARE COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, WILLIAM ROSS ("Plaintiff"), by and through his attorneys, alleges the following against Defendant, GREEN SQUARE COMPANY, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Idaho Consumer Protection Act, Idaho Code § 48-601 ("ICPA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

6. Plaintiff is a natural person residing in the City of Meridian, Ada County, State of Idaho.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10. Plaintiff is a "person" as that term is defined by the ICPA.

11. Defendant is a "person" as that term is defined by the ICPA.

12. Defendant is engaged in "trade" and "commerce" in Idaho as those terms are defined by the ICPA.

13. Defendant is a collection agency with a principal place of business in Buffalo, New York.

14. Defendant is a business entity engaged in the collection of debt within the State of Idaho.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

17. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

18. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

19. During the course of its attempts to collect debts allegedly owed to third parties or originally owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone, electronic mail, and facsimile.

20. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTS**

21. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with an Idaho Title Loans account.

22. Plaintiff's alleged debt at issue arises from transactions for personal, family, and household purposes

23. In or around August 2020, Defendant began placing calls to Plaintiff on his cellular telephone at 951-294-4882, in an attempt to collect the alleged debt.

24. Defendant calls Plaintiff from 800-918-3157, which is one of Defendant's telephone numbers.

25. In or around August 2020, Plaintiff answered a collection call from Defendant.

26. During the above-referenced conversation:

    a. Plaintiff spoke with one of Defendant's collectors Mike Mathis;

    b. Plaintiff entered into a settlement agreement with Defendant despite Plaintiff informing Defendant's collector Mike Mathis that Plaintiff cannot afford to pay;

    c. Plaintiff agreed to settle the debt in full for $525.00; and

d. Plaintiff agreed for the $525.00 payment to be withdrawn from Plaintiff's personal checking account on or about August 26, 2020.

27. On or about August 18, 2020, Plaintiff answered one of Defendant's collection calls and again, spoke with Defendant's collector Mike Mathis.

28. During the above-referenced conversation, Defendant's collector Mike Mathis denied the existence of Plaintiff's settlement agreement.

29. On or about August 18, 2020, Defendant's collector Mike Mathis called Plaintiff three additional times.

30. During the above-referenced conversations, Defendant's collector Mike Mathis called Plaintiff a "little bitch" and made derogatory remarks about Plaintiff's personal health, including calling Plaintiff a "liar" several times in reference to Plaintiff's medical conditions.

31. On or about August 19, 2020, Plaintiff sent a cease-and-desist letter to Defendant which also included information regarding the behavior exhibited by Defendant's collector Mike Mathis.

32. Despite Plaintiff's request for Defendant to cease calling him, Defendant continued to place collection calls to Plaintiff's telephone unabated.

33. On or about August 19, 2020, Plaintiff also filed a complaint (hereinafter "Complaint") (File Number: 20200825-20570-DU) with the New York Secretary of State Division of Consumer Protection regarding the behavior exhibited by Defendant's collector Mike Mathis.

34. On or about September 21, 2020, Plaintiff received a letter from the New York Secretary of State. (A true and correct copy attached hereto as Exhibit A).

35. The above-referenced letter included an email (hereinafter "Email") from Defendant received by the New York Secretary of State in regard to Plaintiff's Complaint.

36. The Email indicates that Defendant responded to Plaintiff's Complaint and indicates Defendant's representative Mike Mathis is no longer employed by Defendant. (Ex. A).

37. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

38. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

39. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

**COUNT I**
**DEFENDANT VIOLATED**
**FAIR DEBT COLLECTION PRACTICES ACT**

40. Plaintiff repeats and re-alleges paragraphs 1-39 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

41. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692c(c) of the FDCPA by continuing to call Plaintiff despite receiving Plaintiff's written cease-and-desist request;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant's collector engaged in all of the foregoing misconduct, including when he called Plaintiff a liar, used profanity, and made derogatory remarks about Plaintiff's personal health;

    c. Defendant violated § 1692d(2) of the FDCPA by its use of obscene or profane language or language the natural consequence of which is to abuse the hearer when

Defendant's collector called Plaintiff a liar, used profanity, and made derogatory remarks about Plaintiff's personal health;

d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to call Plaintiff even after Defendant received Plaintiff's written cease-and-desist request;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's collector created the false impression on Plaintiff that Defendant was permitted to harass Plaintiff with impunity;

f. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant agreed to a particular amount to settle the alleged debt and then reneged on its agreement;

g. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant created the false impression on Plaintiff that Defendant was permitted to harass Plaintiff with impunity;

h. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collector pressed Plaintiff for payment of the debt despite Plaintiff informing Defendant's collector Mike Mathis that Plaintiff cannot afford to pay; and

i. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, WILLIAM ROSS, respectfully requests judgment be entered against Defendant, GREEN SQUARE COMPANY, LLC, for the following:

42. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

43. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

44. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT VIOLATED**
**IDAHO CONSUMER PROTECTION ACT**

45. Plaintiff repeats and realleges paragraphs 1-39 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

46. "[T]he collection of a debt arising out of a sale of goods or services is subject to the provisions of the [ICPA.]" *In re W. Acceptance Corp., Inc.*, 788 P.2d 214, 216 (1990).

a. Defendant violated the ICPA when it called Plaintiff at an annoying and harassing rate and even continued to do so after Defendant received Plaintiff's written cease-and-desist request; and

b. Defendant violated the ICPA by using any unconscionable method, act or practice in the conduct of any trade or commerce when Defendant's collector called Plaintiff a liar, used profanity, and made derogatory remarks about Plaintiff's personal health.

47. Plaintiff suffered an ascertainable loss as a result of Defendant's employment of unlawful methods, acts, or practices in connection with its attempts to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff, WILLIAM ROSS, respectfully requests judgment be entered against Defendant, GREEN SQUARE COMPANY, LLC, for the following:

48. Statutory damages of $1,000.00 pursuant to the Idaho Consumer Protection Act, Idaho Code § 48-608(1);
49. Costs and reasonable attorneys' fees pursuant to the Idaho Consumer Protection Act, Idaho Code § 48-608(5); and
50. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,
FOLEY FREEMAN PLLC

November 17, 2020

By: /s/ Patrick J. Geile

Patrick J. Geile
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975

# **EXHIBIT A**

**DIVISION OF CONSUMER PROTECTION**
STATE OF NEW YORK
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
TELEPHONE: (518) 474-8583
FAX: (518) 486-3936
CONSUMER COMPLAINT HELPLINE: 1-800-697-1220
WWW.DOS.NY.GOV

ANDREW M. CUOMO
GOVERNOR
ROSSANA ROSADO
SECRETARY OF STATE

September 21, 2020

William Ross
2326 W. Rainwater Court
Meridian, ID 83646

File No.: 20200825-20570-DU
Re: Green Square Corporation

Dear Mr. Ross:

Thank you for filing a consumer complaint with the Division of Consumer Protection (DCP).

We received the attached correspondence from Green Square Corporation which indicates that the matter has been resolved. We hope you are satisfied with the outcome of this settlement and look forward to serving you again in the future.

If the DCP can be of further assistance to you regarding this or any consumer related matter, please do not hesitate to contact us.

Sincerely yours,

Christine Dunn
Consumer Advisor
Christine.Dunn@dos.ny.gov

Enclosures



**Dunn, Christine (DOS)**

**From:** premier recovery <prgllc2008@gmail.com>
**Sent:** Friday, September 18, 2020 11:19 AM
**To:** Dunn, Christine (DOS)
**Subject:** FILE #: 20200825-20570-DU

*ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.*

Christine Dunn,

My name is Christina Maddox, one of the supervisors with GreenSquare Corporation responding to the complaint you mailed to our office regarding William Ross file number 20200825-20570-DU. On August 31, 2020 Mr. Ross wrote our office the exact same complaint letter that you sent us on his behalf also on August 31, 2020 we responded to this complaint letter sincerely apologizing to Mr. Ross on behalf of our company for any inconvenience we also informed him that this matter will be flagged for a complaint with our compliance department who will pull recordings from the call and in the event that they determine that any of our representatives did not conduct themselves in a business like fashion they will be reprimanded accordingly. Our office did just as we stated we would do; that representative is no longer employed with our company; Mr. Ross account was closed in our office and sent back to the original creditor for them to proceed forward as they deem fit and he will not be receiving any additional calls from our office.

Christina Maddox