Patrick J. Geile
FOLEY FREEMAN PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975
Attorney for Plaintiff

James J. Parr
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
IL State Bar #: 6317921
Attorney for Plaintiff
**Admitted *Pro Hac Vice***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WILLIAM ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00527-DCN |
| | ) | |
| GREEN SQUARE COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MOTION FOR DEFAULT JUDGMENT</u>

NOW COMES Plaintiff, WILLIAM ROSS ("Plaintiff"), by and through his counsel, pursuant to Fed. R. Civ. P. 55(b)(2), and moves this Court for entry of default judgment against Defendant, GREEN SQUARE COMPANY, LLC ("Defendant"), and in support thereof, states as follows:

1

## BACKGROUND

1.  On November 18, 2020, Plaintiff filed a civil action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Idaho Consumer Protection Act, Idaho Code § 48-601 ("ICPA").  (Doc. No. 1).

2.  On November 20, 2020, Defendant was served with the Summons and Complaint. (Doc. No. 3).

3.  Defendant failed to (1) appear and/or (2) serve upon Counsel for Plaintiff an answer or responsive pleading to Plaintiff's Complaint on or before December 11, 2020.

4.  On December 15, 2020, Plaintiff filed a Request for Entry of Default against Defendants. (Doc. No. 4).

5.  On January 7, 2021, the Clerk of the Court entered default against Defendant for failure to appear or otherwise respond to Plaintiff's Complaint.  (Doc. No. 6).

## LEGAL STANDARD

6.  Federal Rule of Civil Procedure 55 authorizes courts to enter a default judgment as to any party that "fail[s] to plead or otherwise defend."  Fed. R. Civ. P. 55(a)-(b)(2).  The Ninth Circuit has enumerated the following factors that a court may consider in determining whether to grant default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.  *PepsiCo, Inc. v. Cal Sec. Cans,* 238 F. Supp.2d 1172, 1175 (C.D. Cal. 2002); *citing Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  As discussed below, the *Eitel* factors support

granting default judgment against Defendant.

### PLAINTIFF'S COMPLAINT STATES A VIABLE AND STRONG CLAIM FOR RELIEF

7.  The first two *Eitel* factors are (1) the merits of the plaintiff's substantive claim; and (2) the sufficiency of the complaint.  *Eitel v. McCool*, 782 F. 2d at 1471-72.  The Ninth circuit has stated that these two factors require that a Plaintiff "state a claim on which the [plaintiff] may recover."  *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. Feb.13, 1996) (*citing* Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

8.  Here, Plaintiff's Complaint alleges the following: Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with an Idaho Title Loans account.  (Doc. No. 1, ¶ 21); Plaintiff's alleged debt at issue arises from transactions for personal, family, and household purposes.  (Doc. No. 1, ¶ 22); In or around August 2020, Defendant began placing calls to Plaintiff on his cellular telephone at 951-294-4882, in an attempt to collect the alleged debt.  (Doc. No. 1, ¶ 23); Defendant calls Plaintiff from 800-918-3157, which is one of Defendant's telephone numbers.  (Doc. No. 1, ¶ 24); In or around August 2020, Plaintiff answered a collection call from Defendant.  (Doc. No. 1, ¶ 25); During the above-referenced conversation: Plaintiff spoke with one of Defendant's collectors Mike Mathis; Plaintiff entered into a settlement agreement with Defendant despite Plaintiff informing Defendant's collector Mike Mathis that Plaintiff cannot afford to pay; Plaintiff agreed to settle the debt in full for $525.00; and Plaintiff agreed for the $525.00 payment to be withdrawn from Plaintiff's personal checking account on or about August 26, 2020.  (Doc. No. 1, ¶ 26a-d); On or about August 18, 2020, Plaintiff answered one of Defendant's collection calls and again, spoke with Defendant's collector Mike Mathis.  (Doc. No. 1, ¶ 27); During the above-referenced conversation, Defendant's collector Mike Mathis denied

the existence of Plaintiff's settlement agreement.  (Doc. No. 1, ¶ 28); On or about August 18, 2020, Defendant's collector Mike Mathis called Plaintiff three additional times.  (Doc. No. 1, ¶ 29); During the above-referenced conversations, Defendant's collector Mike Mathis called Plaintiff a "little bitch" and made derogatory remarks about Plaintiff's personal health, including calling Plaintiff a "liar" several times in reference to Plaintiff's medical conditions.  (Doc. No. 1, ¶ 30); On or about August 19, 2020, Plaintiff sent a cease-and-desist letter to Defendant which also included information regarding the behavior exhibited by Defendant's collector Mike Mathis.  (Doc. No. 1, ¶ 31); Despite Plaintiff's request for Defendant to cease calling him, Defendant continued to place collection calls to Plaintiff's telephone unabated.  (Doc. No. 1, ¶ 32); On or about August 19, 2020, Plaintiff also filed a complaint (hereinafter "Complaint") (File Number: 20200825-20570-DU) with the New York Secretary of State Division of Consumer Protection regarding the behavior exhibited by Defendant's collector Mike Mathis.  (Doc. No. 1, ¶ 33); On or about September 21, 2020, Plaintiff received a letter from the New York Secretary of State.  (Doc. No. 1, ¶ 34); The above-referenced letter included an email (hereinafter "Email") from Defendant received by the New York Secretary of State in regard to Plaintiff's Complaint.  (Doc. No. 1, ¶ 35); The Email indicates that Defendant responded to Plaintiff's Complaint and indicates Defendant's representative Mike Mathis is no longer employed by Defendant.  (Doc. No. 1, ¶ 36); The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.  (Doc. No. 1, ¶ 37); The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.  (Doc. No. 1, ¶ 38); and the natural consequences of Defendant's actions was to cause Plaintiff mental distress.

(Doc. No. 1, ¶ 39).

9. Defendant's conduct therefore violates the FDCPA as follows:

    a. Defendant violated § 1692c(c) of the FDCPA by continuing to call Plaintiff despite receiving Plaintiff's written cease-and-desist request;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant's collector engaged in all of the foregoing misconduct, including when he called Plaintiff a liar, used profanity, and made derogatory remarks about Plaintiff's personal health;

    c. Defendant violated § 1692d(2) of the FDCPA by its use of obscene or profane language or language the natural consequence of which is to abuse the hearer when Defendant's collector called Plaintiff a liar, used profanity, and made derogatory remarks about Plaintiff's personal health;

    d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to call Plaintiff even after Defendant received Plaintiff's written cease-and-desist request;

    e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's collector created the false impression on Plaintiff that Defendant was permitted to harass Plaintiff with impunity;

    f. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the

character, amount, or legal status of any debt when Defendant agreed to a particular amount to settle the alleged debt and then reneged on its agreement;

g. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant created the false impression on Plaintiff that Defendant was permitted to harass Plaintiff with impunity;

h. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collector pressed Plaintiff for payment of the debt despite Plaintiff informing Defendant's collector Mike Mathis that Plaintiff cannot afford to pay; and

i. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

10. Defendant's conduct also therefore violates the ICPA as follows:

11. "[T]he collection of a debt arising out of a sale of goods or services is subject to the provisions of the [ICPA.]" *In re W. Acceptance Corp., Inc.*, 788 P.2d 214, 216 (1990).

a. Defendant violated the ICPA when it called Plaintiff at an annoying and harassing rate and even continued to do so after Defendant received Plaintiff's written cease-and-desist request; and

b. Defendant violated the ICPA by using any unconscionable method, act or practice in the conduct of any trade or commerce when Defendant's collector called Plaintiff a liar, used profanity, and made derogatory remarks about Plaintiff's

personal health.

### PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES IS REASONABLE

12. "Under the third *Eitel* factor, the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal Sec. Cans,* 238 F. Supp. 2d at 1176. As demonstrated *supra* the statutory damages sought by Plaintiff are reasonable in light of Defendant's violations of the FDCPA and ICPA.

13. The allegations in Plaintiff's Complaint are admitted as a responsive pleading was required and the allegations were not denied. Fed. R. Civ. P. 8(b)(6).

14. Plaintiff is entitled to receive statutory damages not exceeding $1,000.00 for violation of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k(a)(2)(A).

15. Plaintiff is entitled to receive statutory damages of $1,000.00 for violation of the Idaho Consumer Protection Act pursuant to Idaho Code § 48-608(1); *Fenn v. Noah,* 142 Idaho 775, 779 (2006).

### PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE

16. Plaintiff is entitled to receive the costs of the action, together with a reasonable attorney's fee as determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3) and Idaho Code § 48-608(5) and has filed a Motion for Costs of the Action and Attorney's fees seeking costs in the amount of $446.50, together with a reasonable attorney's fee in the amount of $2,206.80. (Attached hereto as Exhibit A).

### PLAINTIFF WILL SUFFER GREAT PREJUDICE IF RELIEF IS DENIED

17. The fourth *Eitel* factor to consider is whether Plaintiff would suffer prejudice if he was denied default judgment. Here, Plaintiff would be denied judicial resolution and would not have any other recourse against Defendant. *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.

Additionally, Defendant would not have an incentive to correct its behavior, and therefore would continue to violate the law in an attempt to collect debts from consumers. Therefore, Plaintiff would undoubtedly suffer great prejudice if relief were denied.

## THE POSSIBILITY OF DISPUTED MATERIAL FACTS IS SMALL

18. The fifth *Eitel* factor focuses on the likelihood of disputed material facts in this case. However, "upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Cal. Sec. Cans*, 238 F. Supp. at 1177. Thus, because the clerk entered an order defaulting Defendant, "no genuine dispute of material facts would preclude granting Plaintiff['s] [M]otion." *Id.*

## DEFAULT LIKELY DID NOT RESULT FROM EXCUSABLE NEGLECT

19. It is highly unlikely that the default here was due to excusable neglect. Defendant was served with a Summons and Complaint on November 20, 2020 and Plaintiff accordingly filed a Proof of Service. (Doc. No. 3). Defendant subsequently failed to answer or otherwise plead by December 11, 2020. The Clerk of this Honorable Court then subsequently entered an order on January 7, 2021 defaulting Defendant pursuant to Fed. R. Civ. P 55(a). (Doc. No. 6). Despite being served with the Summons and Complaint on its registered agent, Defendant has failed to even acknowledge this lawsuit. Therefore, the fourth *Eitel* factor weighs in favor of default judgment.

## PUBLIC POLICY FAVORS DEFAULT JUDGMENT

20. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But "this preference, standing alone, is not dispositive." *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. Furthermore, "Defendant's failure to answer Plaintiff[s'] Complaint makes a decision on the merits impractical if not impossible. Under FRCP

55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Id.* Despite continued opportunities, Defendant failed to respond to or defend this lawsuit, and therefore, this last *Eitel* factor favors this Honorable Court to enter default judgment against Defendant.

## CONCLUSION

In order for Plaintiff to obtain default judgment against Defendant, Plaintiff must not only satisfy the requirements of FRCP 55(a), but Plaintiff's Complaint must also contain uncontested factual allegations which, taken as true, state a viable cause of action. Here, Plaintiff satisfied the requirements of FRCP 55(a) and demonstrated that Plaintiff's Complaint states a strong showing of relief under the FDCPA and ICPA. Furthermore, Plaintiff has satisfied the elements establishing attorneys' fees pursuant to the FDCPA and ICPA. Therefore, this Honorable Court should enter default judgment against Defendant in the amount of 4,653.30, representing statutory damages in the amount of $2,000.00 pursuant to the FDCPA and ICPA, $2,206.80 in attorneys' fees plus, $446.50 in costs.

WHEREFORE, Plaintiff requests the following relief:

a. An entry of an Order of Default Judgment against Defendant in the amount of $4,653.30, and

b.   Any other relief the Court may deem just and proper.

DATED:  July 6, 2021

Respectfully submitted,

By:/s/  James J. Parr _____
James J. Parr
IL State Bar #: 6317921
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave.
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorney for Plaintiff
**Admitted *Pro Hac Vice***

# EXHIBIT A

Patrick J. Geile
FOLEY FREEMAN PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975
Attorney for Plaintiff

James J. Parr
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
IL State Bar #: 6317921
Attorney for Plaintiff
**Admitted *Pro Hac Vice***

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WILLIAM ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00527-DCN |
| | ) | |
| GREEN SQUARE COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MOTION FOR COSTS OF THE ACTION AND ATTORNEY'S FEES</u>

NOW COMES the Plaintiff, WILLIAM ROSS ("Plaintiff"), through counsel, pursuant to

15 U.S.C. § 1692k(a)(3) and Idaho Code § 48-608(5), and moves this Court for entry of an Order

for Costs of the Action and Attorney's Fees against Defendant, GREEN SQUARE COMPANY,

1

LLC ("Defendant") and in support thereof, states as follows:

## LEGAL STANDARD

It is the purpose of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* to eliminate abusive debt collection practices by debt collectors and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692a. The reach of the Idaho Consumer Protection Act likewise includes third-party debt collection practices. *In re W. Acceptance Corp., Inc.,* 117 Idaho 399, 401 (1990). Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3). Although there is no precise formula for determining a reasonable fee, courts, including in the Ninth Circuit, employ a two-step process. First, the court determines the lodestar, which is the reasonable number of hours expended on a case multiplied by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-37, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation omitted).

## FACTS AND BACKGROUND

On November 18, 2020, Plaintiff filed a civil action against Defendant seeking redress for violations of the FDCPA and the ICPA. (Doc. No. 1). Plaintiff seeks $1,000.00 in statutory damages pursuant to the FDCPA; $1,000.00 in statutory damages pursuant to the ICPA; $2,206.80 in attorney's fees; and $446.50 in filing fees and service of process costs.

On November 20, 2020, Defendant was served with the Summons and Complaint and was

required to (1) appear and/or (2) serve upon Counsel for Plaintiff an answer or responsive pleading to Plaintiff's Complaint on or before December 11, 2020.  (Doc. No. 3).  Pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a), on December 15, 2020, Plaintiff filed a Request for Entry of Default against Defendant.  (Doc. No. 4).  On January 7, 2021, the Clerk of the Court entered default against Defendant after finding sufficient cause for such.  (Doc. No. 6).

## A.  PLAINTIFF IS ENTITLED TO MONETARY RELIEF.

As established in Plaintiff's Motion for Default Judgment, Plaintiff has adequately alleged his FDCPA and ICPA claims against Defendant.

The allegations in Plaintiff's Complaint are admitted as a responsive pleading was required and the allegations were not denied. Fed. R. Civ. P. 8(b)(6).  Accordingly, Plaintiff is the prevailing party in this matter and is entitled to statutory damages, costs and attorney's fees.

## B.  PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES UNDER THE FDCPA AND ICPA.

Defendant failed to (1) appear and/or (2) serve upon Counsel for Plaintiff an answer or responsive pleading to Plaintiff's Complaint on or before December 11, 2020. Therefore, the allegations in Plaintiff's Complaint are admitted as a responsive pleading was required, none was filed, and the allegations here were not denied. Fed. R. Civ. P. 8(b)(6).  As such, Plaintiff is entitled to receive statutory damages not exceeding $1,000.00 – as sought – for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).  Similarly, Plaintiff is entitled to receive statutory damages of $1,000.00 – as sought – for violation of the Idaho Consumer Protection Act pursuant to Idaho Code § 48-608(1); *Fenn v. Noah,* 142 Idaho 775, 779 (2006).

**C.  PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEY'S FEES PURSUANT TO THE FDCPA AND ICPA.**

15 U.S.C. § 1692k(a)(3) provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] *** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."  Likewise, pursuant to Idaho Code § 48-608(5), "[c]osts shall be allowed to the prevailing party unless the court otherwise directs.  In any action brought by a person under this section, the court shall award, in addition to the relief provided in this section, reasonable attorney's fees to the plaintiff if he prevails."  Therefore, as the prevailing party in this lawsuit, Plaintiff is entitled to costs and reasonable attorney's fees.

**D.  COSTS OF THE ACTION OF $446.50 ARE NECESSARY AND REASONABLE.**

Rule 54(d)(1) of the Federal Rules of Civil Procedures provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1). The FDCPA also contains a costs provision: "[I]n the case of any successful action to enforce the foregoing liability, [the defendant is liable for] the costs of the action."  15 U.S.C. § 1692k(a)(3). In this case, Plaintiff incurred a civil filing fee of $400.00.  Additionally, Plaintiff incurred service of process costs in the amount of $46.50.  As such, Plaintiff's costs in the action of $446.50 are necessary and reasonable.

**E.  ATTORNEY'S FEES OF $2,206.80 ARE REASONABLE.**

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, which is the lodestar method.  *Hensley*, 461 U.S. at 433.  In order to encourage able counsel to undertake FDCPA cases, it is necessary that counsel be awarded fees commensurate with those which they

could obtain by taking other types of cases.  The FDCPA mandates that the recovery of Plaintiff's attorney's fees and costs is integral to the success of the policy goals of the statute.  Furthermore, Congress provided fee shifting to enhance enforcement of important civil rights and consumer-protection statutes.  By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policies of redressing public interest claims will be vindicated. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.  *Id*.  The court also should exclude from this initial fee calculation hours that were not "reasonably expended."  *Id*.

Here, counsel for Plaintiff seeks fees for 9.90 hours (7.90 hours of attorney time plus 2.00 hours of paralegal time) of services rendered to litigate this matter.  Counsel for Plaintiff's $252.00 per hour rate is reasonable as this is a rate charged by attorneys in the community of similar work in this area.  The United States Consumer Law Survey Report 2017-2018 ("Report")[1] reports $281.00 per hour as the average attorney rate and $250.00 per hour as the median attorney rate for all consumer law attorneys practicing in the Boise, Idaho area.  The Report also indicates that the average attorney hourly rate for an attorney with 6-10 years of experience is $225.00 per hour.[2] The average of these three hourly rates is $252.00 per hour.  Likewise, an hourly rate of $108.00 for paralegal time is reasonable pursuant to the Report.  As such, Plaintiff's attorney's fees of $2,206.80 are reasonable.   In further support thereof, see attached Counsel for Plaintiff's

---

[1] Relevant excerpt attached hereto as Exhibit A-1.  Full report available at
https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2017-2018.pdf (last accessed July 6, 2021).
[2] James J. Parr has been licensed and practicing consumer law since November 6, 2014.

Declaration (Exhibit A-2) and Counsel for Plaintiff's itemization of service rendered (Exhibit A-3).

## CONCLUSION

Pursuant to the lodestar method, Plaintiff is entitled to receive costs of the action of $446.50 and reasonable attorney's fees of $2,206.80.

DATED: July 6, 2021

Respectfully submitted,

By:/s/  James J. Parr
        James J. Parr
        IL State Bar #: 6317921
        AGRUSS LAW FIRM, LLC
        4809 N. Ravenswood Ave.
        Suite 419
        Chicago, IL 60640
        Tel: 312-224-4695
        Fax: 312-253-4451
        james@agrusslawfirm.com
        Attorney for Plaintiff
        **Admitted *Pro Hac Vice***

6

# EXHIBIT A-1

Idaho, Boise City

| | This Survey |
|---|---|
| Average Number of Attorneys in Firm | 1.62 |
| Median Years in Practice | 13.85 |
| Average Concentration of Practice in Consumer Law | 73.8 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | General Practice |
| Average Number of Paralegals in Firm | .13 |
| Last Time Attorney Rate Changed (Average in Months) | 20.28 |
| Average Billable Paralegal Rate | 108 |
| Average Attorney Rate for All Attorneys | 281 |
| 25% Median Attorney Rate for All Attorneys | 225 |
| Median Attorney Rate for All Attorneys | 250 |
| 75% Median Attorney Rate for All Attorneys | 306 |
| 95% Median Attorney Rate for All Attorneys | 409 |

Median Rates for Practice Areas

| | Median |
|---|---|
| Attorneys Handling Bankruptcy Cases | 225 |
| Attorneys Handling Class Action Cases | 375 |
| Attorneys Handling Credit Rights Cases | 313 |
| Attorneys Handling Mortgage Cases | 275 |
| Attorneys Handling Vehicle Cases | 250 |
| Attorneys Handling TCPA Cases | 275 |
| Attorneys Handling Other Cases | 313 |

Experience Variable Table

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 150 |
| 1-3 | 175 |
| 3-5 | 200 |
| 6-10 | 225 |
| 11-15 | 250 |
| 16-20 | 363 |
| 21-25 | 350 |
| 26-30 | 275 |
| 31-35 | 389 |
| 36-40 | 400 |
| 41+ | 400 |

# EXHIBIT A-2

Patrick J. Geile
FOLEY FREEMAN PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975
Attorney for Plaintiff

James J. Parr
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
IL State Bar #: 6317921
Attorney for Plaintiff
**Admitted *Pro Hac Vice***

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WILLIAM ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00527-DCN |
| | ) | |
| GREEN SQUARE COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DECLARATION OF JAMES J. PARR</u>

I, James J. Parr, declare and state the following:

1.  I, James J. Parr, am filing this Declaration in support of Plaintiff's Motion for Default Judgment and Motion for Attorneys' Fees and Costs. I have personal knowledge of the facts stated in my Declaration. The facts stated in my Declaration are true to the best of my knowledge. If called as a witness, I would testify to the facts in my Declaration.

1

2.   I am an attorney licensed to practice law in the State of Illinois since November 6, 2014. I have been continuously licensed in Illinois since November 6, 2014.  I am admitted to practice in all state courts in Illinois.  My Illinois Bar Number is 6317921.

3.   I am also admitted to practice in the following United States District Courts:

    a.  **Illinois:**
        i.   Northern District of Illinois: admitted on March 12, 2015.
        ii.  Central District of Illinois: admitted on May 11, 2017.
        iii. Southern District of Illinois: admitted on May 3, 2017.

    b.  **Texas:**
        i.   Southern District of Texas: admitted on May 11, 2017.
        ii.  Northern District of Texas: admitted on May 26, 2020.

    c.  **Nebraska:**
        i.   District Court of Nebraska: admitted on October 18, 2017.

    d.  **Colorado:**
        i.   District Court of Colorado: admitted on January 6, 2019.

    e.  **Wisconsin:**
        i.   Eastern District of Wisconsin: admitted on December 28, 2015.

    f.  **Indiana:**
        i.   Northern District of Indiana: admitted on January 31, 2018.

    g.  **Michigan:**
        i.   Eastern District of Michigan: admitted on January 4, 2017.

    h.  **Oklahoma:**
        i.   Eastern District of Oklahoma: admitted on October 28, 2019.

    i.  **New York:**
        i.   Western District of New York: admitted on December 9, 2019.

    j.  **Missouri:**
        i.   Eastern District of Missouri: admitted on September 8, 2020.

    k.  **Tennessee:**
        i.   Western District of Tennessee (admitted November 9, 2020).

4.   I was awarded $344.50 per hour in *Neuman v. Swiftfunds Financial Services, LLC*, case no. 2:20-cv-00931-RSM (W.D. Wash. Nov. 30, 2020).

5.  I was awarded $325.00 per hour in *Foley v. International Recovery Partners & Associates, LLC*, case no. 4:20-cv-00049-BP (W.D. Mo. May 27, 2020).

6.  I was awarded $311.00 per hour in *Luzadder v. Accelerated Servicing Group, LLC*, case no. 4:19-cv-00268-RP-HCA (S.D. Iowa Sept. 15, 2020).

7.  I was awarded $275.00 per hour in *Hinyub v. AA Recovery Solutions, Inc.*, case no. 1:20-cv-00089-MR-WCM (N.D.N.C. Oct. 3, 2020).

8.  I have been an associate attorney at Agruss Law Firm, LLC since 2016.  Agruss Law Firm, LLC, handles consumer rights and personal injury cases.

9.  I have devoted my practice to consumer litigation and personal injury litigation. Regarding my consumer litigation practice, I primarily help people with debt collection harassment,[1] robocalls,[2] and credit report problems.[3]

10. Throughout my career, I have settled over 600 consumer rights' cases.

11. Since 2014, I have tried two jury trials to verdict and have successfully arbitrated, mediated, and pre-tried dozens of cases.

12. Before becoming an attorney, I worked for approximately 7 years as a paralegal focusing nearly exclusively in consumer law areas.

13. The time entries entered in the Statement of Services attached as Exhibit B represent the actual attorney hours spent working on this matter.

14. Each of these time entries truly and accurately reflect the services performed working on this matter.

15. The time entries were recorded in the ordinary course of business at Agruss Law Firm, LLC, by entering each entry into Amicus Attorney, a case management software.

16. The time entries I recorded in this case were made contemporaneous to the tasks performed.

17. I have reviewed time entries incurred in this case by the paralegal employed by Agruss Law Firm, LLC, Jacqueline Laino.

18. Jacqueline Laino has been employed by Agruss Law Firm, LLC, since March 2015.

19. I oversaw the work performed in this case by paralegal, Jacqueline Laino.

---

[1] Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").
[2] Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").
[3] Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

20.   The time incurred on each entry was reasonably and necessarily incurred.

I, James J. Parr, state under oath that my Declaration is true and accurate to the best of my

knowledge and belief.  Executed on July 6, 2021, at Chicago, Cook County, Illinois.

DATED:  July 6, 2021                              RESPECTFULLY SUBMITTED,

By: /s/  James J. Parr
      James J. Parr
      IL State Bar #: 6317921
      AGRUSS LAW FIRM, LLC
      4809 N. Ravenswood Ave.
      Suite 419
      Chicago, IL 60640
      Tel: 312-224-4695
      Fax: 312-253-4451
      james@agrusslawfirm.com
      Attorney for Plaintiff
      **Admitted *Pro Hac Vice***

# EXHIBIT A-3

Patrick J. Geile
FOLEY FREEMAN PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975
Attorney for Plaintiff

James J. Parr
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
IL State Bar #: 6317921
Attorney for Plaintiff
**Admitted *Pro Hac Vice***

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WILLIAM ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00527-DCN |
| | ) | |
| GREEN SQUARE COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S STATEMENT OF SERVICES

**Attorney's Fees**

| | Hours | Rate | Subtotal |
|---|---|---|---|
| **James Parr** | 7.90 | $252.00 | $1,990.80 |
| **Jackie Laino (paralegal)** | 2.00 | $108.00 | $  216.00 |

|                        |        |            |
|------------------------|--------|------------|
| **Total Hours/Fees:**  | **9.90** | **$ 2,206.80** |

**Costs**

- Filing fee for Complaint — $400.00
- Process server for Summons and Complaint — $ 46.50

**Total Costs:** **$446.50**

**Total Fees and Costs: $2,653.30**

*Agruss Law Firm, LLC*
**All Time for Selected File:**
*William Ross v. Green Square Corporation, LLC*

Case No.: 1:20-cv-00527-DCN

| Date | Timekeeper | Task | |
|------|-----------|------|---|
| Jul 6, 2021 | Jackie Laino | Filed Motion for Default Judgment and related documents; mailed same to Defendant. | 0.30 |
| Jul 6, 2021 | James J. Parr | Prepared Motion for Default Judgment and related documents. | 4.00 |
| Dec 14, 2020 | James J. Parr | Reviewed default documents prepared by Jackie Laino. | 0.20 |
| Dec 14, 2020 | Jackie Laino | Prepared Application for Default and related documents and emailed to local counsel to file after James J. Parr reviewed. | 1.00 |
| Dec 13, 2020 | James J. Parr | Reviewed docket for responsive pleadings; email to Jackie Laino to prepare Application for Default. | 0.20 |
| Nov 24, 2020 | Jackie Laino | Received Proof of Service that Summons and Complaint had been served; emailed same to local counsel to file. | 0.20 |
| Nov 19, 2020 | Jackie Laino | Hired process server to serve Summons and Complaint. | 0.20 |
| Nov 18, 2020 | James J. Parr | Emailed filed Complaint and settlement demand to Defendant. | 0.20 |
| Nov 17, 2020 | Jackie Laino | Prepared additional initial filing documents and emailed same with Complaint to local counsel for filing. | 0.30 |
| Nov 16, 2020 | James J. Parr | Reviewed file; email to Jackie Laino to request that local counsel file case. | 0.20 |
| Oct 30, 2020 | James J. Parr | Emailed draft Complaint and pre-suit settlement demand to Defendant. | 0.20 |
| Oct 30, 2020 | James J. Parr | Email correspondence with local counsel. | 0.20 |
| Oct 23, 2020 | James J. Parr | Email correspondence with client. | 0.20 |
| Oct 23, 2020 | James J. Parr | Prepared Complaint; emailed same to local counsel and client to review. | 1.50 |
| Aug 19, 2020 | James J. Parr | Interviewed client to discuss case facts; consulted with client regarding underlying debt; discussed communications from Defendant with the client; prepared an outline of the interview and FDCPA and ICPA violations; discussed the FDCPA and ICPA with client; prepared outline of interview on counts to file; prepared our attorney-client agreement; explained the terms of the agreement with client and payment of our fees; prepared Amicus to track the case. | 1.00 |

**Total**  9.90

D. M. PROFESSIONAL SERVICES
501 SILVERSIDE RD, STE 72
WILMINGTON, DE 19809
302-792-0558



Invoice #: 262659
Date: 11/23/2020
Federal Tax ID#: 51-0302413

AGRUSS LAW FIRM, LLC
4809 N. RAVENSWOOD AVE, SUITE 419

CHICAGO, IL 60640

## INVOICE FOR SERVICE

Service #351271: GREEN SQUARE
COMPANY, LLC
WILLIAM ROSS v. GREEN SQUARE
COMPANY, LLC
STANDARD SERVICE

Your File#

Court Case #: 1:20-cv-527-DCN

$46.50

**TOTAL CHARGES:**                                **$46.50**

**BALANCE:**                                      **$46.50**

1

## **PROOF OF SERVICE**

I, James Parr, state the following:

I am employed in Chicago, IL. I am over the age of 18 and am not a party to this action. My business address is 4809 N. Ravenswood Ave, Suite 419 Chicago, IL 60640. On July 6, 2021, I served the following documents:

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On the parties listed below:

Green Square Company, LLC
c/o Corporate Creations Network Inc.
3411 Silverside Road
Tatnall Building, Suite 104
Wilmington, DE 19810

By the following means of service:

[X]   **BY MAIL:** I deposited the envelope in the mail via first class mail. The envelope was mailed with postage fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document was deposited with the U.S. Postal Service on this date with postage fully prepaid, in the ordinary course of business.

Executed on July 6, 2021.

By: /s/ James Parr
James Parr